IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY W. YOUNGBLOOD, #263709, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-214-MHT |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 a complaint filed by Gary W. Youngblood ("Youngblood"), an indigent state inmate presently incarcerated at the Easterling Correctional Facility ("Easterling"). In his complaint, Youngblood alleges that the defendants violated his constitutional rights when they denied his request to transfer funds in his inmate account to the United States Patent Office for payment of fees associated with his application for a patent. *Complaint - Doc. No. 1* at 4. Youngblood advises that the patent relates to a drawing and specifications of his "concept" for a device which would allow first responder vehicles, school buses and trains "to give motorist[s] in [the] vicinity advance notice of their presence." *Id*. at 4. Youngblood seeks issuance of a preliminary injunction requiring the defendants "to immediately forward USPTO their fees from [his] PMOD account ... [and] to immediately restore [his] access to the law library...." *Id*. at 13.

On April 7, 2015, the court entered an order requiring that the defendants show cause why Youngblood's motion for preliminary injunction should not be granted. *Doc. No. 6.* The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that they have taken no actions against Youngblood in violation of his constitutional rights. In support of this assertion, the defendants maintain that: (i) The request for withdrawal of funds for payment of fees associated with Youngblood's request for a patent was denied because receipt of a patent is not authorized by the Administrative Rules and Regulations; (ii) Youngblood did not receive permission from the warden for an exception to the applicable regulations; (iii) Youngblood has no right to engage in a business, i.e., produce an invention for future pecuniary gain, while in prison; (iv) Youngblood has not been denied access to the law library; and (v) The request for injunctive relief is moot because the deadline for payment of the application fees has expired. *Defendants' Response - Doc. No. 18* at 2-3.

Upon review of the motion for preliminary injunction and the response thereto filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Youngblood demonstrates each of the following

prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen.*

*Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Youngblood has failed to demonstrate a substantial likelihood of success on the merits of his claims.  Youngblood likewise fails to establish a substantial threat that he will suffer irreparable injury absent issuance of the requested preliminary injunctions.  The third factor, balancing potential harm to the parties, weighs more heavily in favor of the correctional defendants, as issuance of the injunction would adversely impact the ability of correctional officials to manage the daily operation of Easterling effectively.  Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.  Thus, Youngblood has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before May 11, 2015 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the

Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 27th day of April, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE